IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KYOMI POSTLEY[1]                                                   PLAINTIFF

vs.                               Civil No. 6:15-cv-06120

HOUSING AUTHORITY OF THE CITY
OF HOT SPRINGS, ARKANSAS et al.                              DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Dismiss filed by the Housing Authority of the City of Hot Springs, Arkansas and by Richard Herrington. ECF No. 31. Defendant Sam Spencer has also joined in this Motion. Plaintiff has responded to this Motion. ECF No. 34. The Court set a hearing on January 5, 2017 to address this Motion. Plaintiff was directed to appear in person at this hearing. ECF No. 41. Despite this directive, Plaintiff did not appear at this hearing.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

1. **Background**:

On November 6, 2015, Plaintiff filed this *pro se* action against Defendants claiming she was entitled to damages for the "unconstitutional adjudication and termination of Plaintiff's federal housing benefits." ECF No. 2. Since the time Plaintiff filed her lawsuit, Defendants have made repeated attempts to complete discovery in this matter. Indeed, the discovery deadline in this matter

---

[1] Although it is unclear from the Complaint, it appears Plaintiff is also suing on behalf of her minor children. If so, she is still referred to as "Plaintiff" in this Report and Recommendation for those claims also.

was October 27, 2016, and Defendants have attempted to comply with that deadline.

Notably, in an attempt to comply with the discovery deadline, Defendants have repeatedly requested dates for Plaintiff's availably to be deposed. After receiving no dates from Plaintiff, Defendant Sam Spencer noticed Plaintiff for a deposition on September 22, 2016. Thereafter, the Parties agreed to postpone the deposition, and Plaintiff was again noticed for deposition on October 6, 2016. Plaintiff failed to appear at this rescheduled deposition. Plaintiff called counsel for Defendants approximately two hours before the scheduled deposition to notify Defendants that she would not appear. Since that time, Plaintiff has failed to provide any dates she is available to be deposed.

Plaintiff has even filed a Motion indicating she has no intention of traveling to Arkansas to be deposed. *See* ECF No. 42. Based upon this Motion, it also appears Plaintiff has no intention of traveling to Arkansas for any court hearings or trial in this matter. Indeed, to afford Plaintiff the opportunity to explain why she has not complied with Defendants' repeated attempts to depose her, the Court held a show cause hearing and directed Plaintiff to appear in person:

> **The Court directs Plaintiff to appear in person at the Federal Courthouse 500 N. State Line Avenue, Texarkana, Arkansas (3rd Floor Courtroom) on January 5, 2017 at 10:00 AM**

ECF No. 41. Plaintiff was specifically mailed notice of this show cause hearing. Despite that fact, Plaintiff did not attend this hearing or notify the Court prior to the hearing that she would not attend or in any way attempt to reschedule the hearing.

**2.    Discussion:**

As an initial matter, the Court recognizes that as a *pro se* litigant, Plaintiff is charged with following the rules of the Court. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir.2000).

(recognizing a "pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").  In this case, Plaintiff was Ordered to appear in court and show cause for her failure to attend depositions and prosecute her case.  She responded by Motion (ECF No. 42) indicating she financially could not travel to this district and would not attend a deposition in Arkansas.  She did not respond directly to the Order to Show Cause.  Nor did she appear at the hearing on January 5, 2017 as ordered.  The district court has discretion to dismiss a case pursuant to FED.R.CIV.P. 41(b) "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The Eighth Circuit has affirmed a dismissal of a case pursuant to Rule 41(b) where a plaintiff refused to attend his own deposition.  *See Setzke v. Whitmill, et al*, 241 Fed. Appx. 351 (8th Cir. 2007).  Her Complaint should be dismissed for this failure to comply with a Court Order.

Further, as a "general rule, a plaintiff may be required to attend a deposition in the district where the case was filed. . . . This general maxim is based upon the theory that the plaintiff has chosen the forum voluntarily and should expect to appear for any legal proceedings but that the defendant is an involuntary participant in the lawsuit." *Gibbs v. Nat'l R.R. Passenger Corp.*, 170 F.R.D. 452, 453 (N.D. Ind. 1997). Federal Rule of Civil Procedure 37(d) governs a party's failure to attend a deposition. The rule authorizes the Court to "make such orders in regard to the failure as are just." FED.R.CIV.P. 37(d).  Such orders include an order dismissing a case. *See* FED R. CIV. P. 37(b)(2).  A district court may strike a party's pleading and enter judgment against the party for refusing to attend a deposition.

Plaintiff filed this action in this District.  She has failed to comply with a Court Order.  On two separate occasions she has either failed to appear for or indicated she would not attend a

deposition. On the second occasion Plaintiff let the Defendant's counsel know only shortly before the scheduled deposition that she would not be attending. Plaintiff has now filed a pleading indicating she lacks the financial resources to travel to the Western District of Arkansas to prosecute the case she initiated here. ECF No. 42. Defendants have moved to dismiss Plaintiff's case based upon her failure to prosecute this action. ECF No. 31. Plaintiff's complaint should be dismissed for failure to prosecute and failure to comply an Order of this Court.

**3.    Recommendation:**

The Court recommends Defendants' Motion to Dismiss (ECF No. 31) be **GRANTED**, and Plaintiff's case be dismissed without prejudice. *See* FED. R. CIV. P. 41(b). *See also Link v. Wabash R.R. Co.,* 82 S.Ct. 1386 (1962) (recognizing that consistent with Rule 41(b) of the Federal Rules of Civil Procedure, a district court has the "inherent power" to dismiss a case *sua sponte* without affording notice or providing a hearing).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 5th day of January 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE