IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KYOMI POSTLEY                                                                                            PLAINTIFF

V.                                         CASE NO. 6:15-CV-06120

HOUSING AUTHORITY OF THE CITY
OF HOT SPRINGS, ARKANSAS, *et al*.                                                      DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed January 5, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 50. Plaintiff has filed an objection. ECF No. 52. Plaintiff has also filed a Motion to be Deposed Under Rule 30. ECF No. 51. The Court finds this matter ripe for consideration.

**I. BACKGROUND**

Plaintiff filed the present action *pro se* on November 6, 2015. ECF No. 1. Plaintiff seeks relief pursuant to 28 U.S.C. § 1983 and claims that the Housing Authority of the City of Hot Springs, Arkansas, ("Housing Authority") terminated her federal housing benefits in violation of her constitutional rights. ECF No. 1, ¶ 1. Plaintiff states that she received public housing administered by Defendant Housing Authority and was not required to pay rent due to her level of income. ECF No. 1, ¶ 2. Furthermore, Plaintiff states that she received an allowance for utilities. ECF No. 1, ¶ 2. Plaintiff claims that she was evicted from her public housing due to a utility overage in the amount of $8.18. ECF No. 1, ¶ 19.

Defendants Housing Authority and Reggie Harrington subsequently filed a Motion to Dismiss, claiming that Plaintiff has failed to make herself available to be deposed. ECF No. 31.

Separate Defendant Sam Spencer has joined this Motion. Defendants argue that Plaintiff's refusal "to appear for her deposition or otherwise offer available dates upon which she will subject herself to be deposed" constitutes lack of prosecution and dismissal of this action is appropriate. ECF No. 31, ¶ 5. Defendants have provided evidence that they made multiple attempts to schedule Plaintiff's deposition. The record shows that on September 22, 2016, Defendants sent Plaintiff a Notice of Deposition via certified mail, informing Plaintiff that she was scheduled to be deposed on September 28, 2016, in Little Rock, Arkansas. ECF No. 31-1. The return receipt shows that Plaintiff received the Notice on September 26, 2016. ECF No. 31-1. Counsel for Defendant Sam Spencer contacted Plaintiff on September 27, 2016, and was informed by Plaintiff that she would not be present for the deposition due to her financial inability to travel to Arkansas from Kansas, where she had relocated. ECF No. 31-1. Defense Counsel requested that Plaintiff provide a suitable date to be deposed, but Plaintiff failed to do so.

Defendants then sent Plaintiff a Second Notice of Deposition on September 28, 2016, via certified mail. ECF No. 31-1. The Notice informed Plaintiff that her deposition was scheduled to be taken on October 6, 2016. ECF No. 31-1. The return receipt notes that Plaintiff received this Second Notice on October 3, 2016. In the letter accompanying the Second Notice, Counsel for Defendant Sam Spencer notified Plaintiff that if she was unable to attend the deposition, she should contact Defense Counsel to provide a suitable date. ECF No. 31-1. Plaintiff failed to appear and did not provide an alternate date.

In her response to Defendants' Motion to Dismiss, Plaintiff claims that she was originally told that her deposition could be taken in Kansas[1], and that she was unable to travel to Arkansas

---

[1] It is unclear whether Defense Counsel ever offered to depose Plaintiff outside of Arkansas. Plaintiff claims that "Ms. Squires," who appears to be an employee of the Arkansas Municipal League, informed her by telephone that

2

for either deposition due to financial hardship, lack of transportation, and her responsibilities as mother of five children. ECF No. 34. Plaintiff also claims that "Defendant is responsible for the financial position that [Plaintiff] is presently in." ECF No. 34, p. 2.

The Court subsequently issued a Show Cause Order on December 6, 2016, directing Plaintiff to appear before the Court on January 5, 2017, to show cause as to why her case should not be dismissed. ECF No. 41. In that Order, the Court made clear that "Plaintiff's failure to appear may result in a recommendation that her case be dismissed for her failure to prosecute this action." ECF No. 41.

In response to the Show Cause Order, Plaintiff filed a Motion to Show Cause Why Plaintiff is Unable to Travel for Deposition. ECF No. 42. In that Motion, Plaintiff re-iterated the fact that she is unable to travel to Arkansas due to her financial situation, lack of transportation, and familial responsibilities. Likewise, Plaintiff alleged that she suffers from "PTSD, Fibromyalgia, Depression Migraines and [is] receiving psychological counseling services for [her] entire family." ECF No. 42, ¶ 3. Plaintiff also claimed that Defendants are harassing her "because of her financial instability and her mental and medical illnesses." ECF No. 42, ¶ 4. Plaintiff subsequently failed to appear at the Show Cause Hearing held on January 5, 2017. ECF No. 49.

Judge Bryant entered a Report and Recommendation on January 5, 2017, recommending that Defendants' Motion to Dismiss be granted for failure to prosecute and failure to comply with an Order of the Court. ECF No. 50. On January 23, 2017, Plaintiff filed a Motion to be Deposed Under Rule 30 as well as objections to Judge Bryant's Report and Recommendation.

---

she could be deposed in Kansas due to her familial responsibilities and the fact that Defense Counsel Monaghan was pregnant. Regardless of the veracity of this claim, Sara Monaghan only represents Separate Defendant Sam Spencer in this action. Counsel for Separate Defendant Housing Authority and Separate Defendant Richard Harrington state that they have never offered to depose Plaintiff outside of Arkansas.

ECF Nos. 51, 52. In her objection, Plaintiff re-states her argument that her failure to attend the scheduled depositions and Show Cause Hearing should not be used as grounds for dismissal because she is unable to travel to Arkansas due to her current circumstances. ECF No. 52. Plaintiff further states that she "responded to the Motion to Dismiss because she has complied with two rounds of interrogatories and responded to 'Show Cause' why she is unable to travel outside of the state of Kansas." ECF No. 52, p. 1. Plaintiff further states that she "did not know the Defendants and the Court could dismiss her case just because she is indigent and has no means to finance her travel to Arkansas for a deposition with her five children." ECF No. 52, p. 1.

## II. DISCUSSION

It is well established that a *pro se* litigant is bound to follow procedural rules just as licensed attorneys. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). Furthermore, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). In regard to depositions, it is generally accepted that a plaintiff must make "herself available for examination in the district in which suit was brought." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2112 (3d ed. 2010). However, this is a general rule "and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending." *Id.*; *see Archer Daniels Midland Co., v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 588 (D. Minn. 1999). That being said, courts have noted the special considerations regarding the deposition of a plaintiff:

> The plaintiff . . . stands to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant. A plaintiff, therefore, cannot invoke the

4

> mere fact [of] inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim.

*United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999).

In the present case, Plaintiff has failed to make herself available to be deposed by Defendants. Plaintiff claims that she is unable to afford the trip to Arkansas and has no one to care for her children were she able to afford the trip. Based on this contention and the allegation that Counsel for one of the Defendants originally told her she could be deposed in Kansas, Plaintiff seeks to be deposed by remote means. However, these assertions are not sufficient to establish good cause so as to avoid the application of the general rule that a plaintiff must make herself available for deposition in the district in which suit was brought. Although Plaintiff has thoroughly explained why it would be difficult for her to return to Arkansas to attend a deposition, these hardships are not sufficient to overcome Defendants' interests in conducting a face-to-face deposition, especially in light of the nature of Plaintiff's claims. Furthermore, Defense Counsel attempted to work with Plaintiff to determine a suitable date for Plaintiff to appear for a deposition, but Plaintiff did not provide a date, stating that she could not and would not be financially able to come to Arkansas in the near future. With that in mind, Defense Counsel simply scheduled a deposition in hopes that Plaintiff would appear, though she did not.

Plaintiff, likewise, failed to appear before the Court when ordered to do so for the purpose of explaining why her case should not be dismissed for failure to prosecute. The Order issued by Judge Bryant specifically stated that Plaintiff was to appear in person. ECF No. 41. Although Plaintiff did respond to the Order by filing a motion explaining why she could not appear, it does not excuse the fact that she was ordered by the Court to appear and failed to comply.

At this point, the present dispute regarding Plaintiff's ability to travel to Arkansas has consumed this litigation for nearly four months and Plaintiff has yet to provide a date when she could appear to be deposed. Furthermore, based on Plaintiff's assertions, it appears that Plaintiff will not be able to come to Arkansas at any time in the near future. Although the Court recognizes the hardship and inconvenience that travel to Arkansas presents to Plaintiff, it does not excuse the fact that Plaintiff must play an active role in this litigation, which includes both making herself available for a face-to-face deposition as well as appearing before the Court when ordered to do so.  Because Plaintiff has failed to do either of these things, the Court finds that Plaintiff's claims should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 50) *in toto* and finds that the Motion to Dismiss filed by Separate Defendants Housing Authority of the City of Hot Springs, Arkansas; Reggie Harrington; and Sam Spencer (ECF No. 31) should be **GRANTED**. Therefore, Plaintiff's claims against all Defendants[2] should be and hereby are **DISMISSED WITHOUT PREJUDICE**. Furthermore, Plaintiff's Motion to be Deposed Under Rule 30 (ECF No. 51) by these Separate Defendants is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 16th day of February, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Plaintiff's claims are also dismissed in regard to Separate Defendants Baer and Tate as, although they have not responded to Plaintiff's allegations, they have been named in their official capacities only and all claims against the Housing Authority of Hot Springs, Arkansas, have been dismissed.